```
                    FILED
              CLERK, U.S. DISTRICT COURT

                   10/15/2021

              CENTRAL DISTRICT OF CALIFORNIA
              BY:      JB       DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>       v.<br><br>ARTHUR MURADYAN,<br><br>            Defendant. | CR   2:21-cr-00490-FMO<br><br><u>I N D I C T M E N T</u><br><br>[18 U.S.C. § 922(a)(1)(A): Engaging in the Business of Dealing in Firearms Without a License; 18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 26 U.S.C. § 5861(d): Possession of an Unregistered Firearm; 26 U.S.C. § 5861(i): Possession of a Firearm Not Identified by Serial Number; 18 U.S.C. § 922(o)(1): Possession of a Machinegun; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Distribution of Methamphetamine; 21 U.S.C. § 853, 18 U.S.C. § 924, 28 U.S.C. § 2461(c), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 922(a)(1)(A)]

Beginning on or before August 11, 2021, and continuing to on or about September 29, 2021, in Los Angeles County, within the Central District of California, defendant ARTHUR MURADYAN, not being licensed

as an importer, manufacturer, or dealer of firearms, willfully engaged in the business of dealing in firearms, specifically, the sale of the following firearms, on or about the following dates:

| Date | Firearms |
|---|---|
| August 11, 2021 | an AK-47-type, Zastava Arms USA, model ZPAP85, .556 caliber pistol, bearing serial number Z85-012995; and<br><br>a 9mm pistol, bearing no serial number (commonly referred to as a "ghost gun") |
| August 17, 2021 | an AR-15-type, Colt Arms, model Sporter Lightweight, 9mm caliber rifle, bearing serial number 004145;<br><br>a Polymer80, .40 caliber pistol, bearing no serial number; and<br><br>a Polymer80, 9mm pistol, bearing no serial number |
| August 25, 2021 | an AR-15-type .556 caliber pistol, bearing no serial number;<br><br>a Smith & Wesson, model M&P9, 9mm semi-automatic pistol, bearing serial number HVD3909; and<br><br>a Glock, model 43, 9mm semi-automatic pistol, bearing serial number AFVN022 |
| September 2, 2021 | an AR-15-type .556 caliber rifle, bearing no serial number; and<br><br>a Ruger, SR-22P, .22 caliber pistol, bearing serial number 360-25303 |
| September 8, 2021 | an Fabrique Nationale Herstal, model 509, 9mm semi-automatic pistol, bearing serial number GKS0175234; and<br><br>a machinegun conversion device (also known as a "Glock switch, "trigger switch" or "auto switch"), bearing no serial number |

| Date | Firearms |
|---|---|
| September 29, 2021 | an AR-15-type .556 caliber rifle, bearing no serial number; <br><br> an AR-15-type Bushmaster, .556 caliber rifle, with an obliterated serial number; <br><br> a Taurus, model G2C, 9mm semi-automatic pistol, bearing serial number ACC682857; and <br><br> a 9mm semi-automatic pistol, bearing no serial number |

COUNT TWO

[18 U.S.C. § 922(g)(1)]

On or about August 11, 2021, in Los Angeles County, within the Central District of California, defendant ARTHUR MURADYAN knowingly possessed the following firearm and ammunition, in and affecting interstate and foreign commerce:

1. An AK-47-type, Zastava Arms USA, model ZPAP85, .556 caliber pistol, bearing serial number Z85-012995;
2. Six rounds of Winchester 9mm Luger ammunition;
3. Two rounds of Remington R-P 9mm Luger ammunition;
4. One round of Tulammo 9mm Luger ammunition;
5. One round of Aguila 9mm ammunition;
6. One round of Sellier & Bellot 9mm ammunition;
7. One round of Federal 9mm Luger ammunition;
8. One round of SIG 9mm Luger ammunition;
9. One round of Companhia Brasiliera de Cartuchos 9mm Luger ammunition; and
10. One round of Geco 9mm Luger ammunition

Defendant MURADYAN possessed such firearm-and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Burglary, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, Case Number LA059043, on or about May 7, 2009; and
2. Burglary, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, Case Number LA063412, on or about January 20, 2011.

4

COUNT THREE

[18 U.S.C. § 922(g)(1)]

On or about August 17, 2021, in Los Angeles County, within the Central District of California, defendant ARTHUR MURADYAN knowingly possessed a firearm, namely, an AR-15-type, Colt Arms, model Sporter Lightweight, 9mm rifle, bearing serial number 004145, in and affecting interstate and foreign commerce.

Defendant MURADYAN possessed such firearm knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Burglary, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, Case Number LA059043, on or about May 7, 2009; and

2. Burglary, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, Case Number LA063412, on or about January 20, 2011.

COUNT FOUR

[18 U.S.C. § 922(g)(1)]

On or about August 25, 2021, in Los Angeles County, within the Central District of California, defendant ARTHUR MURADYAN knowingly possessed firearms, namely, a Glock, model 43, 9mm semi-automatic pistol, bearing serial number AFVN022, and a Smith & Wesson, model M&P 9 Shield, 9mm semi-automatic pistol, bearing serial number HVD3909, in and affecting interstate and foreign commerce.

Defendant MURADYAN possessed such firearms knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Burglary, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, Case Number LA059043, on or about May 7, 2009; and

2. Burglary, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, Case Number LA063412, on or about January 20, 2011.

COUNT FIVE

[18 U.S.C. § 922(g)(1)]

On or about September 2, 2021, in Los Angeles County, within the Central District of California, defendant ARTHUR MURADYAN knowingly possessed a firearm, namely, a Ruger, model SR-22P, .22 caliber semi-automatic pistol, bearing serial number 360-25303, in and affecting interstate and foreign commerce.

Defendant MURADYAN possessed such firearm knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Burglary, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, Case Number LA059043, on or about May 7, 2009; and

2. Burglary, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, Case Number LA063412, on or about January 20, 2011.

## COUNT SIX

[18 U.S.C. § 5861(d)]

On or about September 2, 2021, in Los Angeles County, within the Central District of California, defendant ARTHUR MURADYAN knowingly possessed a firearm, namely, an AR-15-type, .556 caliber semi-automatic rifle, with an unknown manufacturer, bearing no serial number (commonly referred to as a "ghost gun"), with a barrel of less than 16 inches in length, which defendant MURADYAN knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code, Sections 5845(a)(3) and 5845(c), and which had not been registered to defendant MURADYAN in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Chapter 53.

COUNT SEVEN

[26 U.S.C. § 5861(i)]

On or about September 2, 2021, in Los Angeles County, within the Central District of California, defendant ARTHUR MURADYAN knowingly possessed a firearm, namely, an AR-15-type, .556 caliber semi-automatic rifle, with an unknown manufacturer, bearing no serial number (commonly referred to as a "ghost gun"), with a barrel of less than 16 inches in length, which defendant MURADYAN knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code, Sections 5845(a)(3) and 5845(c), and which was not identified by a serial number, as required by Title 26, United States Code, Chapter 53.

COUNT EIGHT

[18 U.S.C. § 922(g)(1)]

On or about September 8, 2021, in Los Angeles County, within the Central District of California, defendant ARTHUR MURADYAN knowingly possessed a firearm, namely, a Fabrique Nationale Herstal, model 509, 9mm semi-automatic handgun, bearing serial number GKS0175234, in and affecting interstate and foreign commerce.

Defendant MURADYAN possessed such firearm knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Burglary, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, Case Number LA059043, on or about May 7, 2009; and

2. Burglary, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, Case Number LA063412, on or about January 20, 2011.

COUNT NINE

[18 U.S.C. § 922 (o) (1)]

On or about September 8, 2021, in Los Angeles County, within the Central District of California, defendant ARTHUR MURADYAN knowingly possessed a machinegun, as defined in Title 18, United States Code, Section 921 (a) (23), and Title 26, United States Code, Section 5845(b), that defendant MURADYAN knew to be a machinegun, namely, a machinegun conversion device (also known as a "Glock switch," "trigger switch," or "auto switch") that was designed and intended solely and exclusively for use in converting a weapon into a machinegun.

COUNT TEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about September 8, 2021, in Los Angeles County, within the Central District of California, defendant ARTHUR MURADYAN knowingly and intentionally distributed at least 50 grams, that is, approximately 423.7 grams, of methamphetamine, a Schedule II controlled substance.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One, Two, Three, Four, Five, Eight, and Nine of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[26 U.S.C. § 5872 and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Six and Seven of this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a)  All right, title, and interest in any firearm involved in any such offense; and

    (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION THREE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Ten of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from such offense;

   (b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense;

   (c) All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

   (d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.   Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond

15

the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL


                                         ___/S/_____
                                         Foreperson

TRACY L. WILKISON
Acting United States Attorney

*[signature]*

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Deputy Chief, General Crimes Section

GREGG E. MARMARO
Assistant United States Attorney
International Narcotics, Money Laundering, & Racketeering Section